Stephen F. Roth
Hoda M. Rifai-Bashjawish
Daniela Caro-Esposito
Bronson M. Bonnett
LERNER DAVID LLP
20 Commerce Avenue
Cranford, NJ 07016
Tel:   908.654.5000
Fax:   908.654.7866

*Attorneys for HeatTrak, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HEATTRAK, LLC, | : | **Document Filed Electronically** |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | |
| VEVOR CORPORATION, VEVOR | : | |
| STORE, INC., VEVOR TECHNOLOGY LTD., | : | |
| SANVEN CORPORATION, SANVEN | : | |
| TECHNOLOGY LTD., JOHN DOES 1-99 (said | : | |
| individuals being fictious sellers, marketers, suppliers | : | |
| and/or manufacturers of infringing Vevor products), | : | |
| and XYZ COMPANIES 1-99 (said companies being | : | |
| fictious sellers, marketers, suppliers, and/or | : | |
| manufacturers of infringing Vevor products), | : | |
| | : | |
| Defendants. | : | |
| | x | |

## COMPLAINT

HeatTrak, LLC ("HeatTrak"), by and through its undersigned counsel, hereby

alleges as follows for its Complaint against Defendants Vevor Corporation, Vevor Inc.,

Vevor Store, Inc., Vevor Technology Ltd., Sanven Corporation, Sanven Technology Ltd.,

John Does 1-99 (said individuals being fictious sellers, marketers, suppliers, and/or

manufacturers of infringing Vevor products), and XYZ Companies 1-99 (said companies being fictious sellers, marketers, suppliers, and/or manufacturers of infringing Vevor products) (collectively, "Defendants" or "Vevor"):

## NATURE OF THE SUIT

1.      This is a civil action for (1) unfair competition under the Lanham Act, 15 U.S.C. § 1125; (2) common-law unfair competition; and (3) patent infringement under 35 U.S.C. § 271 for the Defendants' sale, offer for sale, importation, and marketing of outdoor heating mats.

2.      HeatTrak seeks pecuniary and injunctive relief from the various acts of Defendants arising under the statutory and common laws of New Jersey.

## PARTIES

3.      HeatTrak is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 3645 Clearview Parkway, Doraville, Georgia 30340.

4.      Upon information and belief, Defendant Vevor Corporation is a California corporation with a place of business at 1172 Murphy Avenue, Ste. 237, San Jose, California 95131, and has appointed Angel Acuna of Christopher Huang CPAs, Inc., 1172 Murphy Avenue, Ste. 237, San Jose, California 95131, as its registered agent.

5.      Upon information and belief, Defendant Vevor Store, Inc. is a California corporation with a place of business at 9448 Richmond Place, Ste. E, Rancho Cucamonga, California 91730, and has appointed Yanping Wang, 9448 Richmond Place, Ste. E, Rancho Cucamonga, California 91730, as its registered agent.

7931092_1.docx

6.     Upon information and belief, Defendant Vevor Inc. is a delinquent Colorado corporation with a place of business at 4255 South Buckley Road #1316, Aurora, Colorado, and has appointed Jin Wang, 4255 South Buckley Road #1316, Aurora, Colorado, as its registered agent.

7.     Upon information and belief, Defendant Vevor Technology Ltd. is a California corporation with a place of business at 324 S. Diamond Bar Blvd., Unit Num. 717, Diamond Bar, California 91765, and has appointed Qihua Zheng, 324 S. Diamond Bar Blvd., Unit Num. 717, Diamond Bar, California 91765, as its registered agent.

8.     Upon information and belief, Defendant Sanven Corporation is a California corporation which shares its place of business at 9448 Richmond Place, Ste. E, Rancho Cucamonga, California 91730 with Vevor Store, Inc., and has appointed Fuyu Jiao, 9448 Richmond Place, Ste. E, Rancho Cucamonga, California 91730, as its registered agent.

9.     Upon information and belief, Defendant Sanven Technology Ltd. is a California corporation with a place of business at 9166 Anaheim Place, Ste. 250, Rancho Cucamonga, California 91730, and shares its registered agent, Fuyu Jiao, with Sanven Corporation.

10.     Defendants John Does 1-99 are individuals that, upon information and belief, materially participate in, direct, authorize, and/or personally benefit from the infringing activities described herein, or who have assisted, conspired, or otherwise cooperated with Vevor in the acts complained of herein.

11.     Defendants XYZ Companies 1-99 are companies being fictious sellers, buyers, marketers, suppliers, and/or manufacturers of infringing Vevor products that, upon information and belief, materially participate in, direct, authorize, and/or personally benefit from the infringing activities described herein, or who have assisted, conspired, or otherwise cooperated with Vevor in the acts complained of herein.

12.     Upon information and belief, all Defendants materially participate in and benefit directly from the infringement described herein.

13.     Upon information and belief, all Defendants use and/or benefit from the warehouses Vevor advertises on its websites as located in New Jersey.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over all causes of action set forth herein based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

15.     This Court has personal jurisdiction over Vevor by virtue of, *inter alia*, Vevor's numerous business relations within the State of New Jersey and conducting regular and continuous business within the State of New Jersey, including:

a.    Vevor advertises the operation of multiple warehouses in the State of New Jersey on its website as depicted in the map shown by Vevor at https://www.vevor.com/pages/about-us:



b.    Vevor makes, uses, offers to sell, sells, and/or imports products into and within New Jersey, including products complained of infringing Vevor's patents.

c.    Vevor has minimum contacts within the State of New Jersey pursuant to due process and the New Jersey Long Arm Statute N.J. Ct. R. 4:4-4(6).

16.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because Defendants are subject to the jurisdiction in this Judicial District, have committed acts of trademark infringement in this Judicial District, have committed acts of patent infringement in this Judicial District, and have a regular and established place of business in this Judicial District.

7931092_1.docx

17.     Vevor makes, uses, offers to sell, sells, and/or imports infringing products within this Judicial District, regularly does and solicits business in this Judicial District, such that this venue is a fair and reasonable one.

18.     Vevor has a regular and established place of business in New Jersey.

19.     Vevor offers and does sell, sells, imports, and/or ships infringing products within this Judicial District, regularly conducts and solicits business in this Judicial District and has purposely availed themselves of this Judicial District such that this venue is a fair and reasonable one.

## BACKGROUND

### A.     HeatTrak

20.     Founded in 2004, HeatTrak is the world's premier manufacturer of outdoor heated mat products.  HeatTrak's products are an efficient and convenient way to eliminate snow and ice accumulation around the home or workplace.  HeatTrak engineered the HeatTrak Snow & Ice Melting System as a portable, customizable solution that works for the unique snow and ice challenges that are specific to consumers' properties.

21.     The high quality of HeatTrak's mats has been recognized by consumers. Facilities Maintenance Decision (FMD) readers voted on the most innovative products in seven categories.  In 2022, HeatTrak Pro Snow & Ice Melting Mats were determined to be the winners of two (Safety and Exterior Maintenance) Maintenance Innovation Awards.

22.     HeatTrak has been providing its mats and related products to the United States exclusively under the mark HEATTRAK for almost twenty years.  The name

HEATTRAK is protected by U.S. Trademark Registration No. 3,050,181, granted on January 24, 2006, covering rubber mats for outdoor use to melt snow and ice.

23.     HeatTrak's mats are also protected by United States patents.  Of relevance to this action, HeatTrak is the owner of U.S. Patent Registration 10,064,243 ("the '243 Patent" or "the Patent-in-Suit").

24.     A true and correct copy of the '243 Patent is attached hereto as Exhibit A.

**B.     <u>Vevor</u>**

25.     Upon information and belief, Vevor is a collection of companies, including but not limited to all Defendants, and individuals engaging in online commerce of various equipment and tools via a website at www.vevor.com and across numerous e-commerce retailors, including Amazon.com and Walmart.com.

26.     Vevor sells offshore-manufactured, cheaply-made, and poorly-working products that are knock-offs or copies of well made (often US made), products of small business and innovator companies.

27.     As part of its product line, Vevor imports and sells a number of products including outdoor heating mats in the United States, including through its website at www.vevor.com and through at least the following online retailers: Amazon, Walmart, Home Depot, Bed Bath & Beyond, Ali Express, and eBay.

28.     Vevor runs an affiliate program to allow individuals and companies to partner with Vevor to further advertise Vevor products in return for commissions.  *See e.g.*, https://affiliate-program.vevor.com/.

29.    Vevor also runs an influencer program to allow influencers to recommend products to followers in exchange for commissions from affiliate links.  *See*, *e.g.*, https://influencer-program.vevor.com/.

30.    Vevor has engaged in a pattern of misappropriating and infringing the intellectual property of others, despite its awareness of the harms of counterfeiting.  *See*, *e.g.*, https://www.aliexpress.us/item/3256803465502632. where a competitor of Vevor commented: "Recently, many sellers [of] counterfeiting VEVOR emerged in the market, stealing our pictures and texts involving chair cover, camping tent, Artificial Plant Wall, etc., all of which are counterfeit and shoddy products.  When purchasing products from these stores, you cannot enjoy the after-sales service and guarantee provided by our official store.  Please pay attention to distinguishing and prevent being cheated."

31.    As a result of this infringing conduct, Vevor has been sued for infringement of intellectual property at least seven times since 2016.  Such actions include:

- *Vita-Mix Corp. v. Vevor Corp.*, 2:23-cv-1541 (C.D. Cal. March 1, 2023) (alleging patent infringement, trade dress infringement and unfair competition);

- *Nautilus, Inc. v. Vevor Corp.*, 5:22-cv-1020 (C.D. Cal. Jun 22, 2022) (alleging patent infringement and trademark infringement);

- *Summit Tool Co. v. Vevor Corp.*, 2:22-cv-2161 (C.D. Cal. March 31, 2022) (alleging trademark infringement, trade dress infringement, and unfair competition);

- *Schluter Systems, L.P. v. Sanven Corp.*, 8:22-cv-155 (N.D.N.Y. Feb. 17, 2022) (alleging trademark infringement and unfair competition);

- *Gen. Wire Spring Co. v. Vevor Corp.*, 3:20-cv-87 (N.D. Cal. Jul 6, 2020) (alleging trade dress infringement, trademark infringement and unfair competition);

- *Motion Pro, Inc. v. Vevor CO*, 1:21-cv-03380 (D. Colo. Dec 16, 2021);

- *Stahls' Inc. v. Vevor Corp.*, 2:16-cv-10204 (E.D.MI. Jan 21, 2016) (alleging patent infringement, trademark infringement, copyright infringement, unfair competition, misappropriation, deceptive trade practices and unjust enrichment).

32.     In multiple of these actions, plaintiffs have had difficulty serving Vevor entities. *See*, *e.g.*, *Vita-Mix Corp. v. Vevor Corp.*, 2:23-cv-1541 (C.D. Cal. March 1, 2023) (order granting motion for alternate service) (C.D. Cal. Aug. 8, 2022); *Nautilus, Inc. v. Vevor Corporation et al*, 5:22-cv01020 (C.D. Cal. Dec 1, 2022) (order requesting and granting motion for alternate service); *Motion Pro, Inc. v. Vevor, Inc.*, 1:21-cv-03380 (D. Colo. Dec 16, 2021) (motion requesting alternate service).

33.     Upon information and belief, Vevor seeks to avoid service and liability, in part, by closing and opening companies to shift ownership and responsibility for its assets.

34.     For example, Vevor has repeatedly failed to file its corporate renewal paperwork and has repeatedly reassigned its trademark rights without any apparent transfer of the business.

35.     Upon information and belief, Vevor also seeks, in part, to avoid service and liability by removing and installing individuals from executive positions.

36.     For example, Vevor has repeatedly removed, demoted, or promoted executives, including apparently hiring and promoting family members of former executives and registered agents.

37.    Upon information and belief, Vevor also seeks, in part, to avoid service and liability by changing its physical and electronic contact information, using P.O. Box addresses, and using generic emails such as salessupermarket@outlook.com.

38.    In many instances, Vevor does not update the physical address and/or fails to provide any information.

39.    For example, Vevor has repeatedly changed its website, terms of service, and other public statements, including in response to litigants in previously filed lawsuits that established communication through contact information provided by Vevor.

40.    In line with this pattern, Vevor has failed to respond to repeated efforts by HeatTrak to address the issues raised in this complaint, as further detailed below.

41.    Vevor has also failed to respond to consumer complaints.

42.     Vevor has received an "F" rating from the Better Business Bureau, having received more than 884 complaints in the last three years, and failed to respond to them, such as below.



43.     According to the Better Business Bureau, Vevor's products are often unsatisfactory to consumers, and consumer complaints are left unanswered:

> Consumers allege items are not being delivered in a timely manner. Other consumers have reported issues with items received. Items will come defective or they receive the incorrect items. Also, consumers report issues with contacting the company. Some indicated the company has failed to respond to their requests or just don't communicate with them at all.  On January 4, 2022, BBB submitted a written request to the company encouraging them to address the pattern of complaints. As of January 20, 2022, BBB has had no response.[1]

44.     Similarly, the Better Business Bureau has given Sanven Corporation an F rating for its failure to respond to complaints filed against the business, which include

---

[1] https://www.bbb.org/us/ca/rch-cucamonga/profile/online-retailer/vevor-1066-850056466/details

complaints that Vevor failed to provide working products and/or respond to customer complaints.[2]

### C.   Attempted Communications Between The Parties

45.    Prior to initiating suit, HeatTrak attempted to amicably stop Vevor from infringing its trademarks and patents, or otherwise copying and infringing upon HeatTrak's rights and reputation.

46.    On or about March 17, 2023, HeatTrak sent a letter outlining its rights and the Defendants' infringing actions to Defendants Vevor Store Inc. (located in the United States) and Shanghai Sishun E-commerce Co., Ltd. (located in China).

47.    A copy of HeatTrak's March 17, 2023 letter was additionally sent by electronic mail to support@vevor.com. There was no bounceback or other indication that the email was not delivered.

48.    The Terms and Conditions page of Vevor's website still provides that all issues related to the Terms and Conditions should be sent to support@vevor.com, which includes Vevor's policy as to intellectual property.[3]

49.    After sending the letters, HeatTrak received notice from Federal Express that the Defendant was no longer located at the address provided.

50.    HeatTrak to hired a private investigator to locate the correct addresses of the Defendants.

---

[2] https://www.bbb.org/us/ca/rch-cucamonga/profile/auto-equipment-manufacturers/sanven-corporation-1066-89081548.
[3] https://www.vevor.com/pages/terms-of-service.

7931092_1.docx

51.     On or about April 14, 2023, updated letters were sent to two United States addresses and one address in China located by the private investigator.  One letter was successfully delivered to Vevor's address in Colorado.  The remaining two letters remained undelivered.

52.     To date, HeatTrak has not received a response from Vevor.

53.     HeatTrak also sent cease and desist letters to Amazon, Walmart, Home Depot, and Bed Bath & Beyond.

54.     Amazon, Home Depot, and Bed Bath & Beyond each informed HeatTrak that its supplier was told to contact HeatTrak's counsel.

55.     Bed Bath & Beyond and Home Depot have stopped selling infringing heat mats, in responses to HeatTrak's counsel's cease and desist letters.

56.     No Vevor entity has made contact with HeatTrak to date.

57.     Upon information and belief, Vevor has avoided acknowledging receipt of and responding to legal issues, including by removing references to email addresses formerly provided on its website for addressing intellectual property and other legal issues.

58.     Upon information and belief, Vevor is aware of HeatTrak's claims and have failed to respond to any requests to cease and desist and/or contact.

**D.      Vevor's Infringing Products**

59.     Vevor sells heating mats constructed in layers, comprising outer layers, a heating wire, plastic film layers, and a temperature control mechanism.

60.     Vevor advertises products under a particular model number, but often ships a different model number to customers.

61.     Exemplary models sold by Vevor include, but are not limited to, DRT-XRX10*30;     DRT-XRX10*48;     DRT-XRX30*48;     DRT-XRX20*60; DRT-XRX30*60;   and   DRT-XRX40*60;   GYRXT0001;   SS-GYRXT0002; SS-GYRXT0003;     SS-GYRXT0004;     SS-GYRXT0005;     SS-GYRXT0006; SS-GYRXT0008; SS-GYRXT0009; SS-GYRXT0010; and DRT-XRX20*60 and other replacement products with differing identification numbers (collectively "the Accused Products").

62.     Examples of listings of these models are found on Vevor's website.

**FIRST CLAIM FOR RELIEF**
**Violation of Section 43(a) Of**
**The Lanham Act, 15 U.S.C. § 1125 (a)**

63.     HeatTrak incorporates the foregoing paragraphs herein by reference.

64.     Vevor lists the products they carry on various e-commerce platforms, such as their own website, Amazon.com, and their social media accounts on sites such as Facebook, Instagram, and YouTube.

65.     Vevor advertises outdoor heating mats that directly compete with products marketed and sold by HeatTrak.

66.     In Vevor's promotion and marketing of its heated mats, Vevor has copied written materials from HeatTrak's website and other e-commerce listings.

67.     These materials include, *inter alia*, advertising materials, videos, and testimonials of HeatTrak customers, without HeatTrak's consent or authorization.

68.     Portions of the copied material include the HEATTRAK trademark.

69.    One example of Vevor's misuse of HeatTrak's trademark is provided below:



70.    In other examples, the first review is of HeatTrak's mat and compared to a review of Vevor's site, which copies verbatim the same language, as highlighted in red below.



7931092_1.docx

71.    Similarly here, another review is copied, with the copied text highlighted in red below.



72.    Some reviews on Vevor's site even refer to Vevor's mats as being HeatTrak items, by name and/or model numbers, as noted below in these reviews.



73.     Vevor's use of HeatTrak's materials, customer reviews and testimonials falsely tout Vevor's products as receiving those positive reviews, which were actually reviews of HeatTrak products.

74.     The use of positive HeatTrak testimonials was and is likely to influence purchasing decisions of consumers.

75.     The use of customer testimonials referencing the HEATTRAK trademark was and is likely to cause confusion as to the relationship between Vevor and HeatTrak, falsely indicating to consumers an endorsement or affiliation between the companies.

76.     Upon information and belief, consumers were deceived and continue to be deceived into believing that these testimonials are about Vevor products.

77.     After Vevor's use of HeatTrak's materials, HeatTrak's sales of outdoor heating mats decreased, causing harm to HeatTrak.

78.     Vevor products do not perform to the level of HeatTrak's products.  Due to the lesser quality of the Vevor products, the reputation of HeatTrak was harmed and continues to be harmed due to mistaken association between the products and companies.

79.     By their acts set forth above, Vevor, in connection with the sale of their products, has used and continues to use false and misleading reviews and descriptions of fact and false and misleading representations of fact in commercial advertising that misrepresents the nature, characteristics and qualities of their or another person's products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     HeatTrak has suffered damages as a result of Vevor's conduct in an amount to be proved at trial.

81.    HeatTrak has suffered, and will continue to suffer, irreparable harm as a result of the Vevor's conduct, for which there is no adequate remedy at law, unless the Vevor's conduct is enjoined by this Court.

82.    Accordingly, HeatTrak seeks a preliminary and permanent injunction enjoining Vevor and all of the Defendants from misappropriating HeatTrak's materials and customer reviews and testimonials, or otherwise causing confusion of the source of Vevor's goods, or their association with HeatTrak.

## SECOND CLAIM FOR RELIEF
### Common Law Unfair Competition

83.    HeatTrak incorporates the foregoing paragraphs herein by reference.

84.    Vevor has copied written materials from HeatTrak's website and other e-commerce listings.

85.    These materials include, *inter alia*, advertising materials, videos, and testimonials of HeatTrak customers, without HeatTrak's consent or authorization.

86.    Portions of the copied material include the HEATTRAK trademark.

87.    Nonexhaustive examples of Vevor's misuse of HeatTrak's materials are provided above.

88.    Vevor's use of HeatTrak's materials and customer reviews and testimonials falsely advertises Vevor's products as receiving those positive reviews, which are of HeatTrak products.

89.    Vevor has knowledge that the HeatTrak materials are not about Vevor's products.

7931092_1.docx

90.     Vevor utilized HeatTrak's materials and testimonials with the intention of deceiving consumers into believing that such materials and testimonials about HeatTrak products were about Vevor's products.

91.     Upon information and belief, consumers were deceived and continue to be deceived into believing that these testimonials were about Vevor products.

92.     Vevor is unfairly competing by making false and misleading representations in their advertising.

93.     By their acts set forth above, Vevor has willingly engaged in acts constituting unfair competition under the common law of the State of New Jersey.

94.     HeatTrak has suffered damages as a result of Vevor's conduct in an amount to be proved at trial.

95.     HeatTrak has suffered, and will continue to suffer, irreparable harm as a result of Defendants' conduct, for which there is no adequate remedy at law, unless Defendants' conduct is enjoined by this Court.

96.     Accordingly, HeatTrak seeks a preliminary and permanent injunction enjoining Defendants from misappropriating HeatTrak's materials and customer reviews and testimonials.

**THIRD CLAIM FOR RELIEF**
**Infringement Of U.S. Patent No. 10,064,243**

97.     HeatTrak incorporates the foregoing paragraphs herein by reference.

98.     HeatTrak is the owner of U.S. Patent No. 10,064,243 ("the '243 Patent"), issued on August 28, 2018.

7931092_1.docx

99.   HeatTrak has not licensed or otherwise authorized Defendants to make, sell, offer to sell, and/or import any products that embody the inventions of the '243 Patent.

100.   Claim 27 of the '243 Patent contains the following elements:

A heating pad comprising:

a resistance heating element coupled to a thermostatic control circuit, wherein said resistance heating element is sealed within multiple layers comprising in order:

a plastic sleeve layer made from polyvinyl chloride;

a layer of thermoplastic film;

a middle layer containing said resistance heating element comprising high resistance metal alloy wire laid out in a wave pattern and a polymer adhesive;

an additional layer of thermoplastic film, wherein said polymer adhesive encases said wire between said layers of thermoplastic film; and

an additional plastic sleeve layer made from polyvinyl chloride, wherein said plastic sleeve layers are larger than said film layers, and wherein said plastic sleeve layers are fused to each other at their edges beyond the periphery of said film layers.

101.   Defendants have and continue to directly infringe the '243 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, selling, offering to sell, and/or importing into the United States products that satisfy each and every limitation of one of more claims of the '243 Patent.

102.   Defendants have and continue to directly infringe at least claim 27 of the '243 Patent by making, using, selling, offering to sell, and/or importing into the United States products that comprise an outdoor heating pad with layered waterproof material

encasing a heating element, coupled to a thermostatic control mechanism. Upon information and belief, these products include at least the Accused Products.

103. Upon information and belief, after a reasonable opportunity for further investigation or discovery, HeatTrak will likely have evidentiary support that one or more of Defendants' heated mats satisfy every element of claim 27, by having the following elements or equivalents to the following elements:

a resistance heating element coupled to a thermostatic control circuit, wherein said resistance heating element is sealed within multiple layers comprising in order:

a plastic sleeve layer made from polyvinyl chloride;

a layer of thermoplastic film;

a middle layer containing said resistance heating element comprising high resistance metal alloy wire laid out in a wave pattern and a polymer adhesive;

an additional layer of thermoplastic film, wherein said polymer adhesive encases said wire between said layers of thermoplastic film; and

an additional plastic sleeve layer made from polyvinyl chloride, wherein said plastic sleeve layers are larger than said film layers, and wherein said plastic sleeve layers are fused to each other at their edges beyond the periphery of said film layers.

104. HeatTrak has suffered damages as a result of Defendants' direct and indirect infringement of the '243 Patent in an amount to be proved at trial.

105. HeatTrak has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '243 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

106.    Defendants have induced infringement by others, including end-users of the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, selling, offering to sell, and/or importing into the United States Accused Products, which include infringing technology.

107.    Accordingly, HeatTrak seeks a preliminary and permanent injunction enjoining Defendants from making, using, selling, offering to sell, and/or importing the Accused Products.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), HeatTrak, LLC hereby demands a trial by a jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, HeatTrak prays for relief against Defendants as follows:

A.    Entry of judgment declaring that Defendants have engaged in False Advertising;

B.    Entry of judgment declaring that Defendants have infringed HeatTrak's trademark;

C.    Entry of judgment declaring that Defendants have engaged in conduct constituting Unfair Competition;

D.    Entry of an injunction enjoining Defendants from misappropriating HeatTrak's trademark, proprietary materials, and customer reviews and testimonials;

E.    Entry of judgment declaring that Defendants have directly and/or indirectly infringed one of more of the Patents-in-Suit;

7931092_1.docx

F.      Entry of judgment declaring that Defendants have willfully infringed one of more claims of the Patent-in-Suit;

G.      Entry of an injunction enjoining Defendants from making, using, selling, offering to sell, and/or importing the Accused Products;

H.      An accounting for acts of infringement, and an increasing of that award for willful infringement;

I.       An award to HeatTrak of punitive damages;

J.       An award to HeatTrak of its costs, reasonable attorney fees, and expenses; and

K.      An award to HeatTrak of all further and additional relief as this Court deems just and proper.

Respectfully submitted,

LERNER DAVID LLP
*Attorneys for HeatTrak, LLC*

Dated: January 25, 2024                     By:    s/  Stephen F. Roth
                                                   Stephen F. Roth
                                                   Hoda Rifai-Bashjawish
                                                   Daniela Caro-Esposito
                                                   Bronson M. Bonnett
                                                   Tel:    908.654.5000
                                                   Email:sroth@lernerdavid.com
                                                           hrifai-bashjawish@lernerdavid.com
                                                           dcaro-esposito@lernerdavid.com
                                                           bbonnett@lernerdavid.com
                                                           litigation@lernerdavid.com

7931092_1.docx

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither HeatTrak nor HeatTrak's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

LERNER DAVID LLP
*Attorneys for HeatTrak, LLC*


Dated: January 25, 2024               By:   s/  Stephen F. Roth
                                                         Stephen F. Roth
                                                         Hoda Rifai-Bashjawish
  Daniela Caro-Esposito
  Bronson M. Bonnett
  Tel:    908.654.5000
  Email: sroth@lernerdavid.com
           hrifai-bashjawish@lernerdavid.com
           dcaro-esposito@lernerdavid.com
           bbonnett@lernerdavid.com
           litigation@lernerdavid.com

24